IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL TANKERSLEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-1668 |
| JAMES W. ALMAND, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Michael Tankersley ("Mr. Tankersley" or "Plaintiff") brings this action, pursuant to 42 U.S.C. § 1983, against Defendants Michael Almand, *et al.*[1] ("Defendants"), alleging violations of Section 7 of the Federal Privacy Act, 5 U.S.C. § 522a, and the Supremacy Clause of the United States Constitution, U.S. Const. art. VI. Currently pending before this Court are Plaintiff's Motion for Summary Judgment (ECF No. 6) and Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Motion to Dismiss") (ECF No. 17). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014).  For the reasons that follow, Plaintiff Michael Tankersley's Motion for Summary

---

[1] In addition to Mr. Almand, the Defendants are: Douglas M. Bregman, Barbara Anne Spicer, William V. Meyers, Cecelia Ann Keller, Patrick A. Roberson, Leonard H. Shapiro, Donna Hill Stateon [sic], and David Weiss, in their official capacity as Trustees of the Client Protection Fund; the Client Protection Fund of the Bar of Maryland; the Honorable Mary Ellen Barbera, in her official capacity as Chief Judge of the Maryland Court of Appeals; the Honorable Sally D. Adkins, the Honorable Lynne A. Battaglia, the Honorable Clayton Greene, Jr., the Honorable Glenn T. Harrell, Jr., the Honorable Robert N. McDonald, the Honorable Shirley Watts, in their official capacity as Judges of the Maryland Court of Appeals; Bessie M. Decker, in her official capacity as Clerk of the Maryland Court of Appeals; and the Maryland Court of Appeals.

1

Judgment (ECF No. 6) is MOOT[2] and Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment, construed as a Motion to Dismiss (ECF No. 17), is GRANTED.

BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

In 1965, the Maryland legislature directed the Maryland Court of Appeals to establish the Client Protection Fund[3] ("the Fund") to "maintain the integrity of the legal profession by paying money to reimburse losses caused by defalcations of lawyers." Md. Code Ann., Bus. Occ. & Prof. § 10-310, *et seq.* (2014); Compl. ¶ 7, ECF No. 1. To that end, the Court of Appeals may issue a rule requiring Maryland-barred lawyers to pay an annual fee. Md. Code Ann., Bus. Occ. & Prof. § 10-311(c). If a lawyer fails to pay the specified fee, then the Court of Appeals may impose certain penalties. *Id.*

Beginning in 1993, the Maryland General Assembly ordered the Fund to compile a list of individuals who paid their annual fee and provide the list to the Department of Assessments and Taxation. *See* Assessments and Taxation Department — Information — Health and Business Occupations, Professions 1993 Maryland Laws Ch. 351 (H.B. 1052). This list was compiled for the express purpose of "assist[ing] the Department of

---

[2] As this Court is granting Defendants' Motion to Dismiss, Plaintiff's Motion for Summary Judgment is hereby rendered moot.

[3] When the Fund was created in 1965, it initially was named the "Clients' Security Trust Fund." Def.'s Mem. in Supp. of Mot. to Dismiss, or in the Alternative, for Summ. J., 2, ECF No. 17-1.

Assessments and Taxation in identifying new business within the State" by including "[t]he federal tax identification number ("FTIN") of the person or, if the person does not have a federal tax identification number, the social security number of the person." *Id.*

Four years later, the Maryland General Assembly imposed additional obligations on "licensing authorities" to collect and report the Social Security numbers of applicants. *See* Md. Code Ann., Fam. Law § 10-119.3(b). Specifically, a licensing authority must "(1) require each applicant for a license to disclose the Social Security number of the applicant; and (2) record the applicant's Social Security number on the application." *Id.* The Court of Appeals of Maryland was expressly designated as a licensing authority in 2007, making the Fund the instrument by which collection of Social Security numbers would be achieved. Md. Code Ann., Fam. Law § 10-119.3(a)(3)(ii)(14). The following year, the Maryland General Assembly codified this obligation, adding the requirement that the list be provided to the Comptroller of Maryland in addition to the State Department of Assessments and Taxation. *See* Md. Code Ann., Bus. Occ. & Prof. § 10-313.

In accordance with the command of Section 10-131, then-Chief Judge Robert M. Bell of the Maryland Court of Appeals sent a letter to all Maryland attorneys on August 13, 2009, directing them to provide the Fund with either their Social Security number or tax identification number on the attached form. Mot. to Dismiss Ex. 2 Attach. A, ECF No. 17-2. Chief Judge Bell emphasized that the disclosure was mandatory, explaining that "the statutory authority for this request is Md. Code Ann., Bus. Occ. & Prof. Art. § 10-313 and Fam. Law Art. § 10-119.3." *Id.* Finally, he stated that both the letter and the actions taken

3

by the Maryland legislature were "in accordance with Section 7 of the Privacy Act of 1974." *Id.*

Although most Maryland attorneys complied with Chief Judge Bell's letter, "many – at one point over 9,100 – refused." Mot. to Dismiss Ex. 3 Attach. B, 7, ECF No. 17-3. As only the Attorney Grievance Commission at the Office of Bar Counsel could discipline lawyers for failing to submit the requested information, the sheer volume of refusals quickly overburdened the Commission. *Id.* Even further, a legislative audit revealed that the Maryland Child Support Enforcement Administration "did not effectively use occupational license suspensions as an enforcement tool for delinquent noncustodial parents." Office of Legislative Audits, *Audit Report: Maryland Department of Human Resources, Child Support Enforcement Administration*, 11-13 (Sept. 2011), http://www.ola.state.md.us/Reports/Fiscal%20Compliance/CSEA11.pdf; Def.'s Mem. in Supp. of Mot. to Dismiss, at 4 n.1. As a result of this audit, the Department of Legislative Services recommended the "withholding of $1,000,000 from the general fund appropriation to the Judiciary until the electronic exchange of data on attorney licenses is fully implemented." Def.'s Mem. in Supp. of Mot. to Dismiss, at 4 n.1.

Given these considerable pressures, the Maryland Rules Committee recommended amending the rules governing the Fund. Mot. to Dismiss Ex. 3 Attach. B, at 8. The Court of Apeals adopted the resulting rules, Maryland Rule 16-811.5 ("Obligations of Attorneys") and Maryland Rule 16-811.6 ("Enforcement Obligations"), effective January 1, 2014. *See* Compl. ¶ 15. Under Rule 16-811.5, a Maryland-barred attorney must "provide to the treasurer of the

4

[Client Protection Fund] the attorney's Social Security number." Md. Rule 16-811.5(a). For those attorneys refusing to submit the requested information, Rule 16-811.6 requires the Fund Trustees to submit a list of non-complying attorneys to the Court of Appeals. Md. Rule 16-811.6(d). The Court of Appeals then "shall enter a Temporary Suspension Order prohibiting each of [the named lawyers] from practicing law in the State." *Id.*

In the midst of amending the rules governing the Fund, the Honorable Alan M. Wilner, retired judge of the Court of Appeals and Chair of the Standing Committee on Rules of Practice and Procedure, addressed any potential conflict between the proposed Rules and the Privacy Act. Mot. to Dismiss Ex. 3 Attach. A, 1, ECF No. 17-3. As "each of those [statutory] obligations [to disclose the Social Security number] is either required or expressly permitted by a Federal statute enacted subsequent to the Privacy Act and thus falls within the express exception set forth in § 7(a)(2) of the Privacy Act," Judge Wilner concluded that the new Rules did not violate the act in question. *Id.* at 3.

The present action arises out of Plaintiff Michael Tankersley's refusal to provide his Social Security number to the Fund. Compl. ¶ 4. Mr. Tankersley, a resident of Virginia, is an attorney licensed to practice law in Maryland since 1986. *Id.* at ¶ 6. With the exception of the Court of Appeals Order underlying this action, Mr. Tankersley has remained a member in good standing of the Bar of Maryland since his admission. *Id.* On February 10, 2014, Mr. Tankersley received a Final Notice of Delinquency notification from the Fund. Compl. Ex. A, ECF No. 1-1. This letter informed Plaintiff that, unless he provided the Fund with his Social Security number within thirty days, the Maryland Court of Appeals would enter an

5


order suspending his license to practice law in the State of Maryland. Compl. *Id.* Due to privacy and identity theft concerns, Mr. Tankersley refused to provide the requested information. Compl. ¶ 17. He wrote to the Fund to express his concerns, but also to argue that suspending his license due to his refusal would violate the Federal Privacy Act. Compl. Ex. B, ECF No. 1-2. On March 20, 2014, the Court of Appeals issued an Order suspending the named attorneys, including Mr. Tankersley, from practicing law in Maryland.[4] Compl. ¶ 18; Compl. Ex. C, ECF No. 1-3.

Plaintiff filed the instant action on May 22, 2014, seeking injunctive and declarative relief. In his Complaint, Plaintiff alleged violations of Section 7 of the Federal Privacy Act, 5 U.S.C. § 522a,[5] and the Supremacy Clause of the United States Constitution, U.S. Const. art. VI. He then filed a Motion for Summary Judgment (ECF No. 6), arguing that he was entitled to judgment as a matter of law on all counts. In this regard, his claim is essentially identical to that presented before this Court in *Greidinger v. Almand*, Civ. A. No. RDB-14-1454, 2014 WL 3051300 (D. Md. Jul. 3, 2014). This Court rejected Mr. Greidinger's claim and dismissed his suit with prejudice.

Defendants subsequently moved to dismiss this action, or, in the alternative, for summary judgment, asserting that 42 U.S.C. § 666 and 42 U.S.C. § 405 supersede the Privacy Act and authorize the collection of Social Security numbers at issue. Mot. to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 17); Def.'s Mem. in Supp. of Mot. to

---

[4] Although the Order stated that the named attorneys were suspended because they were "in default in the payment of annual assessments to the Client Protection Fund of the Bar of Maryland," the attached cover sheet explained that Mr. Tankersley was suspended due to his failure to provide his Social Security number. Compl. Ex. C, at 1-2.
[5] Plaintiff filed this claim pursuant to 42 U.S.C. § 1983.

Dismiss (ECF No. 17-1). Defendants further contend that Section 7 of the Privacy Act does not permit a private right of action, nor is there any cognizable conflict with the Supremacy Clause. *See* Def.'s Mem. in Supp. of Mot. to Dismiss.

STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2).   Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.   The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).   In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.   First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also*

*Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

ANALYSIS

**A. Count I – Violation of Section 7 of the Privacy Act of 1974**

In moving to dismiss Count I, Defendants offer three grounds in support of their contention that Plaintiff has failed to state a claim for which relief may be granted. First, Defendants argue that federal law – specifically, 42 U.S.C. § 666[6] and 42 U.S.C. § 405[7] – supersede Section 7(a)(1) of the Privacy Act and authorize the collection of Social Security numbers at issue. Second, Defendants maintain that the Court of Appeals and the Fund may, as state agencies, receive the sovereign immunity of the State of Maryland. Finally, they argue that the Privacy Act does not apply to state agencies, nor does it permit a private right of action via § 1983 to enforce its protections. As 42 U.S.C. § 666 and 42 U.S.C. § 405

---

[6] 42 U.S.C. § 666, or the Welfare Reform Act, authorizes the state-run collection of Social Security numbers of applicants for professional licenses. Under Section 666(a), "each state must have in effect laws . . . to increase the effectiveness of the [child support enforcement] program the state administers." Failure to comply could result in the withholding of federal funding. *Id.* Maryland thus used the Social Security numbers gathered to enable its Child Support Enforcement Administration to identify and penalize those individuals evading their support obligations. *See* Office of Legislative Audits, *supra*, at 12.

[7] The Tax Reform Act of 1976, 42 U.S.C. § 405, established the legal authority by which a state may collect Social Security numbers to enable it to administer "any tax, general public assistance, driver's license, or motor vehicle registration law." 42 U.S.C. § 405(c)(2)(C)(i). Moreover, this Act expressly supersedes any inconsistent federal law. 42 U.S.C. § 405(c)(2)(C)(v).

supersede the protections of Section 7(a)(1) of the Privacy Act, this Court need not reach Defendants' remaining arguments.

In *Greidinger v. Almand*, Civ. A. No. RDB-14-1454, 2014 WL 3051300 (D. Md. Jul. 3, 2014), this Court rejected an identical claim that the collection of Social Security numbers by the Fund violated the Federal Privacy Act.[8] This Court concluded that both 42 U.S.C. § 666 and 42 U.S.C. § 405 supersede Section 7(a)(1) of the Privacy Act, thereby permitting the collection of Social Security numbers at issue. Under Section 7(a)(1), it is "unlawful for any Federal, State, or local government agency to deny any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security number." 5 U.S.C. § 522a (Note). Yet, this prohibition is not without limits. Specifically, Section 7(a)(2) explains that the above protection does not apply to "any disclosure which is required by Federal Statute" or "the disclosure of a social security number to any federal, state, or local agency maintaining a system of records in existence and operating before January 1, 1975). *Id.* Given these boundaries, "any federal statute which mandates the disclosure of Social Security numbers can implicitly or expressly override the protections afforded by the Federal Privacy Act." *Greidinger*, 2014 WL 3051300, at *6. After a careful review of 42 U.S.C. § 666 and 42 U.S.C. § 405, this Court concluded that both statutes authorize the disputed collection, and thus supersede the protections of Section 7(a) of the Privacy Act. *Id.* at *6, *7-12.

---

[8] This Court entered judgment dismissing Mr. Greidinger's suit with prejudice on July 3, 2014. Mr. Greidinger never filed an appeal with the United States Court of Appeals for the Fourth Circuit.

Although Mr. Tankersley argues that this Court erred in its interpretation of Section 7(a), he fails to offer any new arguments indicating such an error. Like Mr. Greidinger, Mr. Tankersley is a longtime Maryland-barred attorney, but resides in another state (Virginia). *See* Compl. ¶ 6; *cf. Greidinger*, 2014 WL 3051300, at *1. To rebut this Court's conclusion in *Greidinger*, Mr. Tankersley argues that neither 42 U.S.C. § 666 nor 42 U.S.C. § 405 authorize the collection of Social Security numbers under Maryland Rules 16-811.5 and 16-811.6. First, he contends that 42 U.S.C. § 666 authorizes the collection of Social Security numbers only for *applicants* for professional licenses, and not existing licensees. Second, Mr. Tankersley maintains that 42 U.S.C. § 405 does not authorize the Fund to gather Social Security numbers, as the Fund is not a qualifying entity under this statute. Yet, this Court considered and rejected identical arguments in *Greidinger*. *See* 2014 WL 3051300, at *7-13. Despite Mr. Tankersley's best efforts, a rehashing of the same arguments will not result in a conclusion contrary to *Greidinger*.

In sum, Section 7(a) of the Federal Privacy Act does not prohibit the collection of Social Security numbers under Maryland Rules 16-811.5 and 16-811.6. As exhaustively set forth in *Greidinger*, 2014 WL 3051300, both 42 U.S.C. § 666 and 42 U.S.C. § 405 authorize such collection, and thereby supersede the Privacy Act's protections. Since no violation of the Privacy Act is present, Mr. Tankersley has failed to state a claim for which relief may be granted. Accordingly, Count I of the subject Complaint is DISMISSED.

**B. Count II – Violation of the Supremacy Clause, U.S. Const. art. VI**

In Count II, Mr. Tankersley claims that enforcement of Maryland Rules 16-811.5 and 16-811.6 conflicts with the Federal Privacy Act, in violation of the Supremacy Clause of the United States Constitution. In urging dismissal of this count, Defendants argue that the collection of Social Security numbers by the Fund does not implicate the Supremacy Clause. This Court concurs.

The Supremacy Clause, U.S. Const. art. VI, ensures the primacy of federal law over conflicting state law. *See, e.g., Cooper v. Aaron*, 358 U.S. 1 (1958). In this case, federal law – 42 U.S.C. § 666 and 42 U.S.C. § 405 – authorizes the state laws at issue. Thus, the only conceivable conflict is that between Section 7(a) of the Federal Privacy Act and the federal statutes above. The Supremacy Clause is silent as to this conflict, but the Privacy Act itself allows for superseding federal statutes that explicitly or implicitly overrule its directives. *See Greidinger*, 2014 WL 3051300, at *6. As any conflict is solely federal versus federal, the Supremacy Clause does not apply. Count II of the subject Complaint fails to state a claim upon which relief may be granted, and is thus DISMISSED.

## CONCLUSION

For the reasons stated above, Plaintiff Michael Tankersley's Motion for Summary Judgment (ECF No. 6) is MOOT and Defendants James W. Almand, *et al.*'s Motion to Dismiss, or, in the Alternative, for Summary Judgment, construed as a Motion to Dismiss (ECF No. 17) is GRANTED.

A separate Order follows.

Dated: December 23, 2014

                                              \_\_\_/s/_____
                                              Richard D. Bennett
                                              United States District Judge